# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00044-FDW

| | |
|---|---|
| EDWARD WILLIAMS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SUSAN WHITE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Doc. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Edward Williams, III ("Plaintiff"), a North Carolina state court inmate currently incarcerated at Pender Correctional Institution in Monroe, North Carolina, filed this action on December 12, 2018, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names the following individuals as Defendants: (1) Susan White, identified as the Superintendent of Alexander Correctional Institution ("Alexander"); (2) FNU Siciak, identified as the Blue Unit Manager at Alexander; (3) FNU Moore, identified as a correctional officer at Alexander; and (4) "John Doe," identified as a correctional officer at Alexander. [Doc. 1 at 2-3].

Plaintiff claims that Defendants used excessive force in violation of his constitutional right not to be subjected to cruel and unusual punishment and were deliberately indifferent to Plaintiff's serious medical needs, all in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff also generally alleges the violation of his Fourteenth Amendment rights. [Doc. 1 at 3].

In support of these claims, Plaintiff alleges the following, which is taken as true for purposes of initial review:

On or around February 2016, Plaintiff was transferred to Alexander for physical therapy after his right elbow healed from a previous break in a 90-degree angle. [Doc. 1 at 6]. After Plaintiff completed physical therapy, and on or around April 27, 2019, Plaintiff was in his cell in Blue Unit awaiting transfer back to Marion Correctional Institution. [Id.]. At approximately 10 a.m., a fight broke out downstairs in Blue Unit's J-Pod. Inmates where instructed to go to their assigned cells and to lockdown. [Id.]. Several correctional officers and Superintendent Susan White arrived in the housing unit. Around 10:05 a.m., while Plaintiff was sitting in a chair in his cell with his right arm in a sling, his cell's "trap door" was unlocked. Trap doors are located approximately waist height, or slightly higher. [Id.]. FNU Moore and FNU Siciak and unidentified officer, John Doe, came to Plaintiff's door. At this time, FNU Siciak asked Plaintiff to submit to handcuffs. Plaintiff asked why. FNU Siciak again asked Plaintiff to submit to handcuffs. Plaintiff explained to FNU Siciak why Plaintiff's arm was in a sling. As Plaintiff continued to explain that his arm was hurt and stuck in a 90-degree position, FNU Siciak instructed FNU Moore and John Doe to handcuff Plaintiff. FNU Siciak repeatedly told Plaintiff to turn around and submit to handcuffs.

Plaintiff removed his sling and politely asked if he could be handcuffed with his hands in front of his body because his arm could not flex in the position necessary to be cuffed behind his back. Defendants refused. As Plaintiff turned, with his arms behind him, FNU Moore and John Doe "snatched [Plaintiff's] arms up twisting them, then yanked them through the high trap door cuffing [Plaintiff]." [Doc. 1 at 7]. Plaintiff was standing on his toes, hollering in extreme pain, his right shoulder dislocated, his "elbow popped (subsequently braking)," his wrists and forearms

bruised. [Id.]. Defendant White was present during the incident and did nothing to stop the use of excessive force. [Id. at 9].

Plaintiff was then taken to segregation, placed in a cell, and made to painfully remove his clothing. [Id. at 8]. The pain was awful. Plaintiff noticed swelling and asked for medical assistance. After an investigation, including the review of video footage, Plaintiff was released from segregation two hours later. Plaintiff again complained of extreme pain. He was seen by a nurse who was concerned about his condition and sent Plaintiff to "main medical" to see a doctor. [Id.]. Plaintiff was seen by Dr. Martha Kalinsky, who administered a shot for pain and ordered that Plaintiff be sent to an outside hospital. Plaintiff was taken to Catawba County Hospital, where he was examined and x-rayed. Plaintiff's elbow was rebroken and his shoulder dislocated. [Id.].

Plaintiff claims his injuries include dislocation of his right shoulder, rebroken right elbow, severe pain and swelling of his shoulder and elbow, and mental anguish and humiliation. [Id. at 5]. Plaintiff seeks monetary relief and an injunction requiring that he only be handcuffed with his hands placed in the front of his body to alleviate pain and further damage to his extremities. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Excessive Force and Failure to Protect

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

First, as to the excessive force claims, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary'

4

> in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in <u>Hudson</u>, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

<u>Id.</u> at 37-38 (citations omitted).

Further, the negligent failure to protect an inmate from assaults by other prisoners, or by other prison guards, does not rise to the level of an unconstitutional violation. <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986). To show deliberate indifference, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. <u>Danser v. Stansberry</u>, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Further, a plaintiff sufficiently alleges a failure to intervene by a prison official where the plaintiff states that the official observed an altercation and failed to respond. <u>Brown v. N.C. Dept. of Corrections</u>, 612 F.3d 720, 723 (4th Cir. 2010).

Here, the Plaintiff claims that Defendant Siciak, Moore, and Doe used excessive force by forcing him to be handcuffed in a position that was physically impossible for him without injury and for twisting his arms and yanking them through the trap door, all while Plaintiff was already injured, using a sling, and repeatedly asking to be handcuffed with his hands in front of him. Plaintiff claims that Defendant White was present during the incident and failed to protect Plaintiff and to intervene in the other Defendants' use of excessive force. Taking Plaintiff's allegations as

5

true and drawing all reasonable inferences in Plaintiff's, the Court finds that the Plaintiff has stated a claim against Defendants Siciak, Moore, and John Doe for the use of excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and against Defendant White for her failure to intervene or to protect Plaintiff.

### B. Deliberate Indifference to Serious Medical Needs

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall also within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. To be found liable under the Eighth Amendment for deliberate indifference to serious medical needs, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

"[T]o establish a claim of deliberate indifference against non-medical prison personnel, a plaintiff must demonstrate that the official was personally involved in the treatment or denial of treatment, or that they deliberately interfered with the treatment, or that they tacitly authorized or were indifferent to the medical provider's misconduct." Ballenger v. Crawford, No. 3:15-cv-12558, 2016 WL 8710023, at *9 (S.D.W. Va. Aug. 5, 2016) (citing Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)).

Here, taking Plaintiff's allegations as true, and drawing all reasonable inferences in his favor, Plaintiff's claims against Defendants for deliberate indifference to serious medical needs are not clearly frivolous. Thus, this action survives initial review as to these Defendants.[1]

---

[1] Plaintiff also generally alleges a violation of his rights under the Fourteenth Amendment to the U.S. Constitution. [Doc. 1 at 3]. Because the action survives initial review under the Eighth Amendment, as set

6

## IV. CONCLUSION

In sum, the Complaint survives initial review as to all Defendants under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] survives initial review under § 1915(e) and 28 U.S.C. § 1915A as all Defendants.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants Susan White, FNU Siciak, FNU Moore and John Doe, who are alleged to be current or former employees of NCDPS. For service on Defendant John Doe, the NCDPS shall make a reasonable attempt to identify the name of this Defendant, who is alleged to be a correctional officer in the Blue Unit at Alexander Correctional Institution at all relevant times and involved in the incident at issue as more fully set forth above.

**IT IS SO ORDERED**.

Signed: November 25, 2019

Frank D. Whitney
Chief United States District Judge

---

forth in this Order, the Court will not address the application of the Fourteenth Amendment to the facts alleged at this time.