# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00044-FDW

| | |
|---|---|
| EDWARD WILLIAMS, III, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| SUSAN WHITE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on its own motion.

On January 24, 2020, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendants Susan White and FNU Moore for the reasons stated in that document. [Doc. 14]. The NCDPS also indicated that it has been unable to identify Defendant John Doe. [Id.]. The sealed document provides the last known address for Defendants White and FNU Moore. The sealed document also provides that Defendant FNU Moore is actually Thomas M. Moore. [Id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to

provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants White, Moore, or John Doe were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on Defendants White and Moore, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 14 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants White and Moore.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 14 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants White and Moore in accordance with Rule 4.

(3) The Clerk is also respectfully instructed to update the docket in this matter to reflect Defendant FNU Moore as Defendant Thomas M. Moore.

Signed: February 3, 2020

Frank D. Whitney
Chief United States District Judge