IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19 CV 44 MR

| EDWARD WILLIAMS III, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ARTHUR SICIAK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the undersigned on Defendant's Motion to Excuse Attendance of Individual Defendants (the "Motion," Doc. 54), through which Arthur Siciak ("Defendant") requests that he and "a representative of the insurance carrier for any party against whom a claim is made" be excused from attending the judicial settlement conference scheduled for July 15, 2021.

Defendant contends that this request is justified because the North Carolina Department of Public Safety ("NCDPS") is responsible for payment of a final judgment or the amount due if the action is settled and because representatives of NCDPS "will have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendant." Id. at p. 2.

The Motion does not identify the specific insurance carrier(s) Defendant is asking be excused. However, the undersigned will interpret this representation to mean that the participation of any insurance carrier for

Defendant would be unnecessary since NCDPS will be responsible for any settlement payment that may be due on Defendant's behalf. Therefore, to the extent the Motion pertains to a representative of Defendant's insurance carrier(s), it will be allowed and such representative(s) will be excused.

With respect to Defendant himself, however, while NCDPS may have the authority to negotiate and enter a binding settlement on his behalf, as a party to the case Defendant has a vested interest in the matter and the undersigned otherwise believes Defendant's personal participation in the conference may be beneficial. Further, as Defendant may participate via phone from any location, provided that he and his attorney use the same conference line, as described in the undersigned's Order of June 24, the disruption to Defendant's schedule should not be excessive. The Motion will therefore be denied as to Defendant.

Accordingly, Defendant's Motion to Excuse Attendance of Individual Defendants (Doc. 54) is **GRANTED IN PART** and **DENIED IN PART** as stated.

It is so ordered.

Signed: July 7, 2021

W. Carleton Metcalf
United States Magistrate Judge